OPINION
Defendant, David Thompson, appeals from the trial court's judgment classifying him as a sexual predator.
In 1974 David Thompson was convicted of rape, aggravated robbery and felonious assault. Thompson was sentenced to terms of imprisonment. Thompson was later paroled, but he violated the terms of his parole and was reincarcerated. On September 24, 1999, the trial court conducted a sexual predator hearing pursuant to R.C. Chapter 2950.09 because of Thompson's 1974 rape conviction. At the conclusion of that hearing the trial court found that Thompson is a sexual predator.
Thompson has timely appealed to this court from the trial court's finding that he is a sexual predator.
THIRD ASSIGNMENT OF ERROR
 AS APPLIED TO APPELLANT, H.B. 180 IS IN VIOLATION OF THE EX POST FACTO CLAUSE OF ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION.
 FOURTH ASSIGNMENT OF ERROR
 H.B. 180 CONSTITUTES DOUBLE JEOPARDY IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR AS SAME WAS A VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE 1 OF THE OHIO CONSTITUTION.
 SIXTH ASSIGNMENT OF ERROR
 R.C. CHAPTER 2950 IS UNCONSTITUTIONALLY VAGUE AND IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 SEVENTH ASSIGNMENT OF ERROR
 THE LEGISLATED STIGMA OF PUBLIC NOTIFICATION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
In these assignments of error Thompson raises various challenges to the constitutionality of R.C. Chapter 2950 that have previously been considered and rejected by the Ohio Supreme Court and this court. See: State v. Cook (1998),83 Ohio St.3d 404; State v. Williams (2000), 88 Ohio St.3d 513;State v. Goode (March 27, 1998), Miami App. No. 97-CA-14,unreported; State v. Bruns (July 24, 1998), Montgomery App.No. 16807, unreported; State v. Lewis (October 2, 1998),Greene App. No. 97CA134, unreported; State v. Sergent(February 12, 1999), Montgomery App. No. 17249, unreported;State v. White (November 5, 1999), Miami App. No. 98CA37, unreported.
These assignments of error are overruled.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN LABELING APPELLANT A SEX PREDATOR AS R.C. 2950.09(B)(2) ENCROACHES UPON THE JUDICIAL POWER, IN VIOLATION OF THE SEPARATION OF POWERS IMPLICIT IN THE OHIO CONSTITUTION.
At the conclusion of the hearing held in this case, the trial court found that David Thompson is a sexual predator. In so doing, the trial court stated:
 . . . the Court, being a creature of the statute, is subject to the legislative directives as to the definition of sexual predator and the factors that are to be considered. (T. 54).
In State v. White (November 5, 1999), Miami App. No.98-CA-37, unreported, this court held that the GeneralAssembly had unconstitutionally usurped a core judicialfunction by prescribing in R.C. 2950.09(B)(2) what evidencetrial courts must consider in determining whether a sexualoffender is likely to reoffend in the future. Thatusurpation violates the separation of powers doctrine, andoften leads to arbitrary results. Id.
Thompson argues, and we agree, that the same problem which we addressed in White, supra, exists in this case. It is apparent from the trial court's own statement that the court felt constrained in this case by the General Assembly's mandate to consider the factors set out in R.C. 2950.09(B)(2) in making its sexual predator determination.
Accordingly, this assignment of error is sustained. The judgment of the trial court will be reversed and this matter remanded for further proceedings. In determining on remand whether Thompson is a sexual predator, the trial court may, but is not required to, consider any of the statutory factors in R.C.2950.09(B)(2). In order to suffice for appellate review purposes, the trial court's judgment should include those factual findings which support its conclusion.
SECOND ASSIGNMENT OF ERROR
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY "CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 EIGHTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ADJUDICATING THE DEFENDANT A SEXUAL PREDATOR BECAUSE SAME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In view of our disposition of the first assignment of error, these assignments of error have been rendered moot. Accordingly, we need not decide them. App.R. 12(A)(1)(c).
Having sustained Thompson's first assignment of error, the judgment of the trial court will be reversed and this case will be remanded to the trial court for further proceedings consistent with our decision in this opinion.
 ________________________ GRADY, P.J.
BROGAN, J. and YOUNG, J., concur.